# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>              Plaintiff,<br><br>       vs.<br><br>FRANCES HICKS, et al.,<br><br>              Defendants. | Case No.: 1:14-cv-00056 DAD DLB PC<br><br>**ORDER DENYING REQUEST TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 42] |

　　　　Plaintiff Rick Hazeltine is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On August 25, 2015, the Court issued a discovery and scheduling order in this matter. The discovery cut-off was set for January 25, 2016, and the dispositive motion deadline was set for March 24, 2016.  On January 20, 2016, the parties filed a stipulated request to modify the discovery and scheduling order in order to complete discovery.  The Court granted the stipulated request and moved the discovery cut-off to March 24, 2016, and the dispositive motion deadline to May 24, 2016.

On March 21, 2016,[1] Plaintiff filed a motion requesting discovery be left open. Defendants did not file a response to the motion. Plaintiff alleges that a video, some pictures and a police report exist concerning the incident, however, he claims Defendants deny that any such evidence exists. Plaintiff disputes Defendants' claim and asks that discovery be left open. Plaintiff offers no reason why discovery should be left open or what purpose additional time would serve. While he disputes Defendants' contention, this is not cause for modification of the scheduling order.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.   In this case, the Court does not find good cause to modify the scheduling order.

Accordingly, Plaintiff's request to modify the Discovery and Scheduling Order is DENIED.

IT IS SO ORDERED.

Dated:   **May 11, 2016**                    **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Although filed with the Court on March 24, 2016, Plaintiff signed the proof of service on March 21, 2016.