UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCES HICKS, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00056 DAD DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>[ECF No. 47] |

Plaintiff Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action. The case is proceeding on Plaintiff's claim of excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho.

On August 25, 2015, the Court issued a Discovery and Scheduling Order which set the discovery deadline for January 25, 2016, and the dispositive motion deadline for March 24, 2016. Upon stipulation of the parties, the discovery deadline was moved to July 25, 2016, and the dispositive motion deadline was moved to September 23, 2016.

On June 23, 2016, Plaintiff filed the instant motion for issuance of subpoenas duces tecum ("SDT"). Plaintiff seeks an SDT directed to the California Office of Patients Rights for production of all patients' rights complaints filed against Defendants Ian Young, Benjamin Gamez, RaShaun Casper, Julius

Oldan, Porfirio Sanchez, David Avilla, Rickey Smith, and Charles Ho from 2005 to the present.  He also seeks an SDT directed to the California Department of State Hospitals, Coalinga Office of Special Investigations ("OSI"), for production of OSI report case no. 13-09-1381 and any and all work product in connection with said report.  Plaintiff next requests an SDT directed to the California Department of State Hospitals, Office of Human Rights, for production of the Unit #9 video recording of the September 2, 2013, containment/seclusion incident as well as any work product associated with said video.  Plaintiff also seeks the Coalinga State Hospital Special Incident Report dated December 17, 2013; the California Department of Public Health Licensing Reportable Event Report dated September 5, 2013, as well as work product connected therewith; the Coalinga State Hospital Incident Review Committee Synopsis dated November 18, 2013,  and all work product associated therewith; the SSU-9 Referral Assessment pages 1-11 dated August 16, 2013, and all work product connected therewith; and the SOC 341 form arising out of the September 2, 2013 containment/seclusion incident and all work product connected therewith.  Plaintiff also seeks an SDT directed to California Department of State Hospitals, Coalinga, for production of any and all of the medical treatment records, including charts, medication and prescription records, summaries, notes, images, etc.  He also seeks the Unit #9 video recording of the September 2, 2013, event, the Coalinga State Hospital Special Incident Report dated December 17, 2013; the California Department of Public Health Licensing Reportable Event Report dated September 5, 2013, as well as work product connected therewith; the Coalinga State Hospital Incident Review Committee Synopsis dated November 18, 2013,  and all work product associated therewith; the SSU-9 Referral Assessment pages 1-11 dated August 16, 2013, and all work product connected therewith; the SOC 341 form arising out of the September 2, 2013 containment/seclusion incident and all work product connected therewith; and the Unit 9 Seclusion/Restraint logs for the years of 2011-2015 in their entirety.  Last, Plaintiff seeks an SDT directed to the Office of Police Services for production of SOC Report #13091383 and all work product connected with it.

   Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C.

1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this case, Plaintiff's request must be denied.  Plaintiff fails to demonstrate that he has followed the procedure outlined above prior to seeking subpoenas duces tecum.  In addition, he fails to provide good cause for his numerous requests, and he fails to establish how many of the items are not equally available to him, such as his medical charts and the various reports concerning the alleged assault incident.

**ORDER**

Accordingly, Plaintiff's motion for a Subpoena Duces Tecum is DENIED.

IT IS SO ORDERED.

Dated:   **July 29, 2016**                                /s/ *Dennis L. Beck*
                                                                              UNITED STATES MAGISTRATE JUDGE

3