UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>            Plaintiff,<br><br>      v.<br><br>FRANCES HICKS, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00056 DAD DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF ISSUANCE OF SUBPOENAS DUCES TECUM<br><br>[ECF No. 49] |

Plaintiff Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action. The case is proceeding on Plaintiff's claim of excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho.

On August 25, 2015, the Court issued a Discovery and Scheduling Order which set the discovery deadline for January 25, 2016, and the dispositive motion deadline for March 24, 2016. Upon stipulation of the parties, the discovery deadline was moved to July 25, 2016, and the dispositive motion deadline was moved to September 23, 2016.

On June 23, 2016, Plaintiff filed a motion for issuance of subpoenas duces tecum ("SDT"). On July 29, 2016, the Court denied the motion. Plaintiff filed the instant motion for reconsideration on August 15, 2016.

1


## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. H*arvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." *Id*. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order denying his motion for SDT. Plaintiff complains that he had made every attempt to obtain discoverable items but his attempts proved fruitless. He states he had made written requests to Defendants, asked for discoverable items at his deposition, and

served Defendants with a Request for Production of Documents.  He further states he filed a pleading with the Court on March 24, 2016, wherein he complained of the lack of cooperation and good faith effort by Defendants to produce discovery.  He requested that the Court leave discovery open indefinitely.  (ECF No. 42.)  On May 11, 2016, the Court did not find good cause to leave discovery open insofar as Plaintiff provided no reason for his request or what purpose additional time for discovery would serve.

      As previously stated by the Court, subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  Fed. R. Civ. P. 37.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

      In this case, the Court does not find any cause to grant reconsideration.  While Plaintiff may have made various requests verbally at his deposition or by letter, under the rules of discovery, Defendants need not respond to oral requests or improper discovery requests.  Only Plaintiff's Request for Production of Documents ("RPD") was a valid discovery request.  Plaintiff apparently served Defendants with the RPD on March 8, 2016.  (ECF No. 49, Ex. F.)  To the extent Plaintiff was unsatisfied with Defendants' response, it was his duty to move for an order compelling discovery.  Fed. R. Civ. P. 37(a)(1), (3).  He apparently did not do so, and as set forth in the Court's Discovery and Scheduling Order (ECF No. 30) and the Orders Modifying the Scheduling Order (ECF Nos. 33, 46), the time for doing so expired on July 25, 2016.

      Plaintiff further argues that the Court could have construed his motion requesting issuance of

an SDT as a motion to compel disclosure in light of Plaintiff's pro se litigant status. Plaintiff's argument is not well-taken. While it is true that pro se litigant pleadings are to be construed liberally, there is no question that Plaintiff's pleading was a request for SDT. Construing it as a motion to compel would not be a liberal construction but a complete mischaracterization of the pleading and would in effect be an act of litigating on behalf of Plaintiff by the Court.

In summary, Plaintiff fails to meet the high standard for reconsideration of the Court's order.

**ORDER**

Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **August 26, 2016**              /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE