UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRANCES HICKS, et al.,<br><br>　　　　Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO STRIKE<br>(ECF No. 42.)<br><br>ORDER RESOLVING PLAINTIFF'S OBJECTIONS<br>(ECF No. 52.)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR STAY AS MOOT<br>(ECF No. 57.) |

**I.　　RELEVANT PROCEDURAL HISTORY**

　　Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)[1]

---

[1] On August 21, 2015, the Court issued an order dismissing all remaining claims from this action. (ECF No. 29.)

1

On September 24, 2016, Defendants filed a motion for summary judgment, which is pending.  (ECF No. 53.)  On October 5, 2016, Plaintiff filed a request for stay of the Court's ruling on the motion for summary judgment.  (ECF No. 57.)  Plaintiff's request for stay is now before the Court.

## II.     PLAINTIFF'S REQUEST FOR STAY

Plaintiff requests a stay of the Court's ruling on Defendants' motion for summary judgment pending determination of two issues: (1) Plaintiff's request to strike Defendants' Answers from the record as untimely, and (2) Plaintiff's objections to the denial of Plaintiff's motion for reconsideration.  Plaintiff argues that a ruling on the late filing of Defendants' responsive pleadings could render Defendants' admissions moot.

## III.    DISCUSSION

Plaintiff's two pending issues shall be resolved by this order, rendering his request for stay moot.

### A.     Request to Strike

Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D.Cal. 2004) (internal citations omitted).  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  Platte Anchor Bolt, Inc. at 1057. "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  Cruz v. Bank of New York Mellon, No. 12–00846, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012) (citing see Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d at 973).

Plaintiff requests the Court to strike Defendants' Answers to the First Amended Complaint as untimely.  The Court finds no good cause to strike the Answers from the record.  Even assuming the Answers are untimely, no sanctions shall be imposed, because Defendants were not required to file Answers to the First Amended Complaint.

"[T]he option to file an Answer to a First Amended Complaint lies with the defendant." Stanley Works v. Snydergeneral Corp., 781 F.Supp. 659, 664-665 (E.D.Cal. 1990) (citing Wright, Miller & Kane, 6 Federal Practice and Procedure § 1476, pp. 558-559 (1990). "When an amended pleading does not add new parties, new claims, or significant new factual allegations, courts are often willing to allow the previously filed response to the original pleading [to] suffice." Upek, Inc. v. Authentec, Inc., No. 10-424-JF PVT, 2010 WL 2681734, at *3 (N.D. Cal. July 6, 2010), (quoting Justin Kraft & Kraft Piano Servs., LLC v. Arden, No. CV. 07-487-PK, 2009 WL 73869, at *7 (D.Or. 2009) (quoting 3 Moore's Federal Practice § 15.17 (3d ed.2008))).

Here, Plaintiff's Amended Complaint proceeds with the same claims and defendants as Plaintiff's initial Complaint, and Defendants' Answers to the First Amended Complaint appear identical to their Answers to the initial Complaint. (ECF Nos. 18-25, 34-41.) Here, the Court finds that Defendants' Answers to the initial Complaint suffice and therefore, Defendants were not required to file Answers to the First Amended Complaint. Accordingly, Plaintiff's request to strike shall be denied.

**B.    Objections to Court Order**

Plaintiff asserts that the Court has not addressed his "Objections to the denying of plaintiff's motion for reconsideration on the denial of the issuance of subpoenas duces tecum." (ECF No. 57 at 1:26-28.) However, as discussed below, the Court's order of September 3, 2016 resolved this matter in its entirety, with prejudice.

On July 29, 2016, the Court issued an order denying Plaintiff's motion for issuance of subpoenas. (ECF No. 48.) On August 15, 2016, Plaintiff filed a motion for reconsideration of the July 29 order. (ECF No. 49.) On August 26, 2016, the Court issued an order denying the motion for reconsideration. (ECF No. 50.)

Plaintiff subsequently filed objections to the August 26 order. (ECF No. 52.) On September 27, 2016, the Court issued an order addressing Plaintiff's objections. (ECF No. 54.) The September 27 order advised Plaintiff that "**[n]o further objections or motions for reconsideration concerning Plaintiff's motion for issuance of subpoenas duces tecum shall**

**be considered by the Court.**" (Id. at 3:7-9.)  Thus, the matter of Plaintiff's objections is resolved in its entirety.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to strike Defendants' Answers as untimely, filed on March 24, 2016, is DENIED;
2. Plaintiff's objections, filed on September 9, 2016, are RESOLVED in their entirety; and
3. Plaintiff's request for stay of the Court's ruling on Defendants' motion for summary judgment, filed on October 5, 2015, is DENIED as moot.

IT IS SO ORDERED.

Dated:  **November 12, 2016**                     **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE