# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANCES HICKS, et al.,<br><br>        Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>**ORDER DENYING MOTION TO DECLARE A CONFLICT OF INTEREST**<br>**(ECF No. 55.)** |

## I. BACKGROUND

Plaintiff Rick A. Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David

Avilia, Rickey Smith, and Charles Ho (collectively "Defendants").  (ECF No. 27.)[1]  Counsel for Defendants is employed by the Office of the California Attorney General.

On October 5, 2016, Plaintiff filed a motion for the court to declare a conflict of interest concerning the Office of the California Attorney General.  (ECF No. 55.)  On January 27, 2017, Defendants filed an opposition.  (ECF No. 64.)  On February 9, 2017, Plaintiff filed a reply.  (ECF No. 65.)  The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

**B.** **Parties' Positions**

Plaintiff seeks a court order declaring that a conflict of interest exists concerning the Office of the California Attorney General because a claim of Plaintiff's abuse at Coalinga State Hospital was reported to the Department of Justice four years ago pursuant to the Elder Justice Act of 2009.[2]  Plaintiff asserts that the present § 1983 case originated from the reported claim identified as Elder Abuse claim #SOC 341, case #1309-1381.  Plaintiff expresses concern that as a result of the report, Defendants' counsel in this case may be in possession of information that Plaintiff is not aware of, which may affect this action.  Plaintiff requests the court to recognize the potential for unforeseen problems and declare a conflict of interest on these grounds.

In opposition, Defendants argue that Plaintiff's motion lacks merit on its face because Plaintiff filed a federal elder claim under the Federal Elder Abuse Act of 2009, and his claim would be administered by a federal agency, not the State of California.  Defense counsel declares that Defendants do not have documents in their possession pertaining to Plaintiff's alleged claim, and the California Department of Justice has no record of any elder abuse claim

---

[1] On August 21, 2015, the Court issued an order dismissing all remaining claims from this action.  (ECF No. 29.)

[2] The Elder Justice Act of 2009 (42 U.S.C §§ 1320b–25, 1395i–3a, 1397j, 1397j–1, 1397k, 1397k–1 to 1397k–3, 1397*l*, 1397m, 1397m–1 to 1397m–5) encompasses laws imposing obligations on federal and state governments and nursing facilities requiring them to ensure that nursing facility residents receive certain benefits.  Schwerdtfeger v. Alden Long Grove Rehab. & Health Care Ctr., Inc., No. 13 C 8316, 2014 WL 1884471, at *4 (N.D. Ill. May 12, 2014).  The Act requires each facility to report any reasonable suspicion of a crime against any individual who is a resident of, or is receiving care from, the facility.  42 U.S.C § 1320b-25(b).

filed by Plaintiff. (Decl. of John M. Feser, Jr. at ¶¶ 3, 4.) Defendants also assert that Plaintiff does not mention the claim in his complaint, has not provided any evidence that the claim exists, and fails to show how the purported elder abuse claim relates to this case.

### C.  Discussion

A conflict of interest refers to a situation when someone, such as a lawyer or public official, has competing professional or personal obligations or personal or financial interests that would make it difficult to fulfill his duties fairly.[3] http://www.lectlaw.com/def/c095.htm. District courts are well equipped to consider the particulars of a conflict of interest, along with all the other facts and circumstances, to determine whether an abuse of discretion has occurred. Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 868–69 (9th Cir. 2008)

After consideration of Plaintiff's motion and Defendants' opposition, the court finds no evidence that a conflict of interest exists. Therefore, Plaintiff's motion shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to declare a conflict of interest, filed on October 5, 2016, is DENIED.

IT IS SO ORDERED.

Dated: **February 13, 2017**         **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] The court finds no well-defined legal standard for conflict-of-interest applicable here.