UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE, | 1:14-cv-00056-DAD-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR RECONSIDERATION (ECF No. 67.) |
| vs. | |
| FRANCES HICKS, et al., | |
| Defendants. | |

## I.    RELEVANT PROCEDURAL HISTORY

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

On February 13, 2017, the Court issued an order denying Plaintiff's motion to declare a conflict of interest with the Office of the California Attorney General. (ECF No. 66.)   On February 24, 2017, Plaintiff filed objections to the Court's order, which the Court construes as a motion for reconsideration of the order.  (ECF No. 67.)

1

**II.      MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied. Moreover, no further objections or motions for

reconsideration concerning Plaintiff's motion to declare a conflict of interest (ECF No. 47) shall be considered by the Court.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion for reconsideration, filed on February 24, 2017, is DENIED; and

2.    No further objections or motions for reconsideration concerning Plaintiff's motion to declare a conflict of interest (ECF No. 55) shall be considered by the Court.

IT IS SO ORDERED.

Dated:    **February 27, 2017**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE