UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>Plaintiff,<br><br>v.<br><br>IAN YOUNG; BENJAMIN GAMEZ;<br>RASHAUN CASPER; JULIUS OLDAN;<br>PORFIRIO SANCHEZ NEGRETE;<br>DAVID AVILIA; CHARLES HO;<br>RICKEY SMITH,<br><br>Defendants. | No. 1:14-cv-00056-DAD-GSA (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 53, 55, 60) |

Plaintiff Rick A. Hazeltine is a civil detainee proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The case is proceeding on plaintiff's first amended complaint in which he alleges that defendants used excessive force against him. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 23, 2016, defendants David Avilia, RaShaun Casper, Benjamin Gamez, Charles Ho, Porfirio Sanchez Negrete, Julius Oldan, Rickey Smith, and Ian Young filed a motion for summary judgment. (Doc. No. 53.) On November 21, 2016, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary

/////

1

judgment be granted based solely upon requests for admission deemed admitted by plaintiff's failure to respond. (Doc. No. 60 at 7-13.)

On December 19, 2016, plaintiff filed objections to the findings and recommendations. (Doc. No. 61.) On December 29, 2016, plaintiff filed a supplemental attachment to his objections. (Doc. No. 63.) Therein, plaintiff argues that "had he answered any of the 'admissions' submitted by defendants there was a high probability of perjury being committed by plaintiff." (Doc. No. 61 at 1.) In this regard, plaintiff states that with respect to incident in question he had "eight people on me," but "he couldn't honestly identify who did exactly what but that there was a video of the entire assault and it would show everything." (*Id*. at 2–3.) Consequently, plaintiff explains, he wanted to first obtain and review the video recording of the alleged assault by defendants before answering the questions posed in defendants' requests for admissions because "once plaintiff had a chance to view said video, he would be better equipped to answer their questions, without the fear of the possibility of committing perjury and risking his entire case." (*Id*. at 3.) Finally, plaintiff argues that he has "been prejudiced by defendants broken promises to obtain the video and other discovery." (*Id*. at 4.) Accordingly, plaintiff seeks to reopen discovery in this action so that he may file a motion to compel the production of the video and previously submitted requests for discovery. (*Id*. at 5.)[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file and for the reasons set forth below, the undersigned declines to adopt the findings and recommendations.

Rule 36(b) of the Federal Rules of Civil Procedure authorizes the court to permit admissions to be withdrawn or amended on motion if to do so "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Good cause appearing, the court will construe plaintiff's objections to the findings and recommendations as

---

[1] Plaintiff made similar arguments in his opposition to defendants' motion for summary judgment. (Doc. No. 60 at 10.)

2

including a motion to withdraw those matters admitted and, so construed, will grant the motion. *See Bowers v. E. J. Rose Co.*, 149 F.2d 612, 615 (9th Cir. 1945) (under compelling circumstances, the district court may allow untimely replies to avoid the admission); *see also Martin v. Masuret*, No. 2:10-cv-00189-WBS-DAD, **slip op. at** 2 (E.D. Cal. May 25, 2011) (construing plaintiff's motion for an extension of time as a motion to withdraw any matters deemed admitted by lapse of time, granting motion, and granting plaintiff an additional thirty days to respond to the requests for admissions);.

First, permitting plaintiff to respond to the admissions will obviously promote the resolution of this action on the merits. *See Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (Rule 36(b) seeks to serve two goals: truth-seeking in litigation and efficiency in dispensing justice). Indeed, defendants' requests for admissions in this action inappropriately called for legal conclusions regarding the questions at issue in this case.[2] *See Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995) ("Because the denial of Hadley's motion to withdraw the admissions entirely precluded a resolution of the case on its merits, and because the government's case was not prejudiced, we find that Hadley's motion should have been granted."); *Raiser v. Utah County*, 409 F.3d 1243, 1246-47 (10th Cir. 2005) (finding the resolution of a *pro se* civil rights on its merits would be promoted by allowing withdrawal of admissions that plaintiff was deemed to have made by failing to timely respond, where deemed admissions conceded the core elements of the case, and the district court's grant of summary judgment was based upon the admissions); *see also Whitsitt v. City of Tracy*, No. 2:10-cv-00528-JAM-AC, 2014 WL 2091363, at *3 (E.D. Cal. May 19, 2014) ("The admissions go to the ultimate questions at issue in this case, causing the court to scrutinize the questions, and the resulting deemed admissions, more closely than in the typical scenario in which requests for admissions are

---

[2] For example, the requests sought plaintiff's admissions that the defendants: (1) did not violate plaintiff's civil rights; (2) did not violate plaintiff's constitutional rights; (3) did not cause plaintiff to sustain injury arising from the incident on September 2, 2013, as alleged in plaintiff's complaint; (4) did not cause plaintiff to sustain damages arising from the incident on September 2, 2013, as alleged in plaintiff's complaint; (5) did not inflict cruel and unusual punishment upon plaintiff as alleged in plaintiff's complaint; and (6) did not violate plaintiff's due process rights as alleged in plaintiff's complaint. (Doc. No. 60 at 10–11.)

3

propounded as a vehicle for formulating a discovery plan."); *Jefferson v. Perez*, No. 2:09-cv-03008-GEB-CKD, 2012 WL 671917, at *2 (E.D. Cal. Feb. 29, 2012) ("[R]equests for admissions that seek to establish legal conclusions or render undisputed the disputed material facts of a case are *per se* impermissible.").

Second, defendants will not be substantially prejudiced by the withdrawal of plaintiff's admissions in this case. *See Conlon*, 474 F.3d at 622 ("The party relying on the deemed admission has the burden of proving prejudice."); *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001) ("The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay.") (citing *Hadley*, 45 F.3d at 1348). "Preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (internal quotation marks omitted). Moreover, withdrawal of the admissions is sought prior to trial and thus plaintiff will not be prejudiced or hindered in presenting evidence to the factfinder. *See Hadley*, 45 F.3d at 1348 ("Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial."); *Freeland v. Sacramento City Police Dep't*, No. 2:06-cv-00187-LKK-DAD (P), 2010 WL 408908, at *19 (E.D. Cal. Jan. 29, 2010), report and recommendation adopted, No. 2:06-cv-00187-LKK-DAD (P), 2010 WL 960375 (E.D. Cal. Mar. 16, 2010) (same).

The court concludes that withdrawal of the admissions will promote resolution of this action on the merits and that defendants will not be substantially prejudiced by the granting of such relief. Accordingly, plaintiff's admissions are deemed withdrawn.

In response to plaintiff's request to compel the production of the video and previously submitted requests for discovery, plaintiff is advised that, at a minimum, the moving party of a motion to compel has the burden of informing the court which discovery requests are the subject of the motion to compel, which of defendants' responses are disputed, why defendants' responses are deficient, why defendants' objections are not justified, and why the information is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. 2:03-cv-02343-JAM-EFB P,

2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Moreover, motions to compel filed after the close of discovery are untimely.

Accordingly, based upon the foregoing,

1. The court declines to adopt the findings and recommendations (Doc. No. 60) issued on November 21, 2016;
2. Defendants' motion for summary judgment (Doc. No. 53), filed on September 23, 2016 and premised solely on the alleged admissions by plaintiff that have now been deemed withdrawn, is denied; and
3. This action is referred back to the assigned magistrate judge for further proceedings.[3]

IT IS SO ORDERED.

Dated: **May 17, 2017**

UNITED STATES DISTRICT JUDGE

---

[3] The court notes that under the amended scheduling order in this case, the discovery cut-off and the dispositive motion deadline have now passed. (Doc. No. 46.) The magistrate judge may, but is not required to, reopen discovery and dispositive law and motion if it is concluded that resolution of plaintiff's claim on the merits will be promoted by doing so. On the other hand, the magistrate judge may elect to simply set the case for Final Pretrial Conference and Trial if that is deemed appropriate.

5