UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>   Plaintiff,<br><br>  vs.<br><br>FRANCES HICKS, et al.,<br><br>   Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER RE-OPENING DISCOVERY FOR LIMITED PURPOSE OF ALLOWING PLAINTIFF TO FILE MOTION TO COMPEL, AS INSTRUCTED BY THIS ORDER<br><br>ORDER EXTENDING DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES FOR ALL PARTIES<br><br>**New Discovery Deadline:**   **July 14, 2017**<br><br>**New Dispositive Motions Deadline:** **September 31, 2017** |

## I.  RELEVANT PROCEDURAL HISTORY

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against Defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

On September 23, 2016, Defendants filed a motion for summary judgment based solely upon requests for admission deemed admitted by Plaintiff's failure to respond. (ECF No. 53.)

On November 21, 2016, the Magistrate Judge entered findings and recommendations, recommending that the motion be granted. (ECF No. 60.) On December 19, 2016, Plaintiff filed objections to the findings and recommendations. (ECF No. 61.) On May 18, 2017, the District Court declined to adopt the findings and recommendations, denied the motion for summary judgment, and referred the case back to the Magistrate Judge for further proceedings. (ECF No. 69.) The District Court instructed the Magistrate Judge that he may, but is not required to, reopen discovery and dispositive law and motion if it is concluded that resolution of plaintiff's claim on the merits will be promoted by doing so [or] may elect to simply set the case for Final Pretrial Conference and Trial if that is deemed appropriate. (Id., note ECF No. 69.)

The court finds good cause to reopen discovery and extend the dispositive motions deadline.

## II.     REQUEST FOR FURTHER DISCOVERY

In his objections to the findings and recommendations, Plaintiff requested further discovery to pursue his request for a video recording of the alleged assault by Defendants, and to obtain further responses to previously submitted requests for discovery. (ECF No. 61 at 3-5.) Plaintiff stated that "once plaintiff had a chance to view said video, he would be better equipped to answer [Defendants' request for admissions], without the fear of the possibility of committing perjury and risking his entire case." (Id. at 3.) Plaintiff also stated that with respect to the incident in question he had "eight people on me," but "he couldn't honestly identify who did exactly what but that there was a video of the entire assault and it would show everything." (Id. at 2–3.) Plaintiff argues that he has "been prejudiced by defendant's broken promises to obtain the video and other discovery." (Id. at 4.)

On August 25, 2015, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties. (ECF No. 30.) On May 25, 2016, the court extended the deadline for conducting discovery, including the filing of motions to compel, until July 25, 2016, and the deadline for filing dispositive motions until September 23, 2016. (ECF Nos. 30, 46.) All of the deadlines have now expired.

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The Court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff has indicated that he previously served a request for production of documents upon Defendants on March 6, 2016, (ECF No. 43), and made multiple requests to Defendants for the video taken of the assault at issue in this case, (ECF No. 61 at 4:21-28). However, Plaintiff has not filed a motion to compel. (Court record.) The court finds that at this juncture it would promote the resolution of Plaintiff's claim on the merits to reopen discovery for the limited purpose of allowing Plaintiff to file a motion to compel, and to extend the deadline for filing dispositive motions for all parties.

Plaintiff shall be granted **until July 14, 2017,** in which to file a motion to compel. Defendants shall file their opposition or notice of non-opposition within twenty-one days of the date of filing of Plaintiff's motion to compel. Plaintiff shall file a reply, if any, within ten days of the date of filing of Defendants' opposition. No other discovery is to be conducted during this time period. The dispositive motions deadline shall be extended **until September 31, 2017.**

Plaintiff is advised that as the movant in a motion to compel, he bears the burden of demonstrating why Defendants' responses to his discovery requests were insufficient or why Defendants' objections were not justified. <u>E.g.</u>, <u>Grabek v. Dickinson</u>, No. CIV S–10–2892 GGH P, 2012 WL 113799, at * 1 (E.D.Cal. 2012); <u>Womack v. Virga</u>, 2011 WL 6703958, at *3; <u>Mitchell v. Felker</u>, No. CV 08–119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. 2010); <u>Ellis v. Cambra</u>, No. 1:02–cv–05646–AWI–SMS PC, 2008 WL 860523, at *4 (E.D.Cal. 2008). This

requires Plaintiff to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant,[1] and why the responding party's objections are not meritorious. Id. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the court shall endeavor to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Good cause appearing, discovery shall be reopened in this action;

2.    Discovery is reopened **until July 14, 2017**, for the limited purpose of allowing Plaintiff to file a motion to compel;

3.    Defendants shall file their opposition or notice of non-opposition to the motion to compel within twenty-one days of the date of filing of the motion to compel;

4.    Plaintiff shall file a reply to Defendants' opposition, if any, within ten days of the date of filing of Defendants' opposition;

5.    No other discovery shall be conducted during this reopened discovery phase; and

6.    The dispositive motions deadline is extended **until September 31, 2017**, for all parties to this action.

IT IS SO ORDERED.

Dated:    **June 8, 2017**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.