# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>        Plaintiff,<br><br>    vs.<br><br>FRANCES HICKS, et al.,<br><br>        Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS MOOT<br>(ECF Nos. 71, 74.) |

## I.    RELEVANT PROCEDURAL HISTORY

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

On July 10, 2017, Plaintiff filed a [first] motion to compel the production of documents.[1] (ECF No. 71.) On August 25, 2017, Defendants filed a response to the [first] motion to compel. (ECF No. 73.) On October 10, 2017, Plaintiff filed objections to

---

[1] On June 8, 2017, the court issued an order re-opening discovery for the limited purpose of allowing Plaintiff to file a motion to compel by July 14, 2017. (ECF No. 70.)

1

Defendants' service of documents and a second motion to compel. (ECF No. 74.) On October 31, 2017, Defendants filed an opposition to Plaintiff's objections and second motion to compel. (ECF No. 75.)

Plaintiff's motions to compel are now before the court.

## II. APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002.)

## III. FIRST MOTION TO COMPEL (ECF No. 71.)

Plaintiff's first motion to compel seeks to compel Defendants to produce twelve items and related work product: (1) Plaintiff's medical records held by Defendants' employer from January 1, 2006, to the present; (2) Office of Special Investigations report for case #13091383; (3) Unit #9 video recording of the September 2, 2013, incident; (4) Photographs taken in connection with the September 2, 2013, incident; (5) Coalinga State Hospital Special Incident

Report dated December 5, 2013; (6) California's Department of Public Health Licensing Reportable Event Report dated September 5, 2013; (7) Coalinga State Hospital's Incident Review Committee Synopsis dated November 18, 2013; (8) SSU-9 Referral Assessment pages 1-11 dated August 16, 2013; (9) SOC 341 #13091383 abuse complaint arising out of the September 2, 2013, incident; (10) Patient's rights complaints, SOC 341 complaints filed against any and all named defendants spanning their entire employ at Coalinga State Hospital; (11) Psychiatric Technician schooling records such as grades, performances, attendance, etc.; (12) Criminal histories on all named defendants.

Plaintiff asserts that he has requested these records numerous times from Defendants -- by phone, in person, and in writing -- but all of his requests have gone unanswered.

Defense counsel, California Deputy Attorney General (DAG) James C. Phillips ("Phillips"), responds that this case was reassigned to him on August 9, 2017, and the DAG who was formerly assigned to this case left the office on August 11, 2017. (Phillips Decl., ECF No. 75 ¶3.) Phillips contends that Plaintiff's motion to compel is based on a previously untimely served request for production of documents that Plaintiff failed to re-serve when the court's scheduling order was modified on May 25, 2016. (Id. ¶¶7, 8.) Phillips attests that the DAG formerly assigned to this case did not file a response to the previous untimely motion to compel. Newly appointed defense counsel Phillips expresses willingness to provide documents responsive to Plaintiff's present motion to compel, with limitations, notwithstanding that none of the documents requested are in the custody or control of any named Defendants.

### IV.     OBJECTIONS AND SECOND MOTION TO COMPEL (ECF No. 74.)

Plaintiff raises objections to the manner in which the documents requested in his first motion to compel were delivered to him. Plaintiff reports that the discovery was delivered to him in an open and unsecured manner, with discovery items removed from their original sealed envelope and then, after an unspecified period of time, placed in a plain brown paper sack to be delivered to Plaintiff. Plaintiff claims that items were missing, such as a video and possibly an altered video. Plaintiff also objects because there was no chain of custody or declaration of authentication provided with the discovery. Plaintiff requests a court order compelling

Defendants to re-serve the discovery materials with a chain of custody, or in a manner that would negate the need for one, and a declaration of authentication for all videos and voice recordings.

Plaintiff argues that the discovery documents should never have been in the possession of the Department of Police Services. Plaintiff recounts that the materials were delivered to him on September 27, 2017, by officers who approached him in the hallway with a brown paper sack containing over 1300 documents and three DVDs. Plaintiff notes that the materials were mailed directly to Plaintiff, and therefore Plaintiff's open legal materials should never have been in the officers' possession.

Plaintiff alleges that the video is pixilated and out of focus, which gives the impression that the video was tampered with. Plaintiff claims first-hand knowledge of the equipment used and its ability to produce high quality videos. Plaintiff also alleges that one complete camera angle was removed from the DVD he was provided. Plaintiff asserts that according to Defendants' response to request for production, there are "two video camera views of the hallway," and he only received one camera view.

Defendants respond that the documents were originally sent to the Litigation Coordinator at the Hospital, and Plaintiff was personally served on September 25, 2017, by Officer Bantay. (Phillips Decl. at 3-4 ¶3-5.) Defendants admit that the proof of service erroneously said the documents were mailed directly to Plaintiff; however, Defendants have now prepared a corrected proof of service indicating personal service of the documents on Plaintiff by Officer Bantay, and the Amended Proof of Service will be served on Plaintiff. (Id. at 4 ¶¶3, 8, Exh. A.) Defendants explain that the package was delivered by a DPS Officer by hand and signed for similar to a subpoena to ensure the timeliness of delivery to Plaintiff. (Id. at 4 ¶7.) If the package had been handled through normal procedure it might have taken a few more days to be processed into the package room, but it still would have been opened, inspected for contraband, and the items inside placed in a paper bag and given to Plaintiff. (Id.) Defense counsel attests that he is informed and believe that all items, including both audio and video disks, were served on Plaintiff in the same condition as when they were sent from

4

counsel's office to the Litigation Coordinator at the Hospital (with the exception of the packaging). (Id. at 5 ¶10.)

Defendants also respond that the video disk delivered to Plaintiff was copied directly from the video that is maintained in evidence at the Hospital, was not altered or pixelated in any way, and is an exact duplicate of the original video held in evidence at the Hospital. (Id. at 4 ¶9.)

Defendants acknowledge that Plaintiff did not receive a verification or authentication of the disks and records, but they have now obtained a verification and an authentication of Plaintiff's treatment records. (Id. at 5 ¶11, Exhs. B & C.)

## V. DISCUSSION

Based on the foregoing, the court finds that Defendants have responded in good faith to Plaintiff's motions to compel, such that the motions have been resolved between the parties and are now moot. It appears that Defendants have provided all of the materials requested by Plaintiff, with reasonable limitations, and satisfactorily addressed Plaintiff's objections to the manner of service of the materials. Therefore, Plaintiff's motions to compel shall be denied as moot.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to compel, filed on July 10, 2017, and October 10, 2017, are DENIED as moot.

IT IS SO ORDERED.

    Dated:   **November 8, 2017**           **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE