UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE, | 1:14-cv-00056-DAD-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION <br> (ECF No. 78.) |
| vs. | |
| FRANCES HICKS, et al., | ORDER FOR CLERK TO RETURN DVD TO PLAINTIFF |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

On November 8, 2017, the Court issued an order denying Plaintiff's motions to compel, filed on July 10, 2017, and October 31, 2017, as moot. (ECF No. 76.) On November 21, 2017, Plaintiff filed a motion for reconsideration of the order. (ECF No. 78.) Defendants have not filed a response to the motion.

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

1

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### III. PLAINTIFF'S MOTION

Plaintiff seeks reconsideration of the court's order of November 8, 2017, because the court did not consider Plaintiff's objections filed on November 9, 2017. Plaintiff argues that his objections filed on November 9, 2017, which the court should construe as a reply to Defendants' opposition to Plaintiff's objections filed on October 10, 2017, were timely filed under the Mailbox Rule and should have been considered and addressed in the court's order.

# IV. ANALYSIS

## A. **Background**

On June 8, 2017, the court issued an order re-opening discovery until July 14, 2017, for the limited purpose of allowing Plaintiff to file a motion to compel. (ECF No. 70.) On July 10, 2017, Plaintiff filed his motion to compel. (ECF No. 71.) On August 25, 2017, Defendants filed an opposition to the motion. (ECF No. 73.) Plaintiff did not file a timely reply.

Meanwhile, on October 10, 2017, Plaintiff filed an objection to the manner in which the discovery was delivered to him, asserting that there were missing and altered items, requesting that the court require Defendants to re-serve the discovery with a chain of custody and a declaration of authentication. (ECF No. 74.) The court construed Plaintiff's October 10, 2017, objection as a motion to compel further service. On October 31, 2017, Defendants responded with evidence that they had obtained a verification and an authentication of Plaintiff's records, provided Plaintiff with all relevant and responsive documents, and corrected their proof of service. (ECF No. 75.)

On November 8, 2017, the court denied both of Plaintiff's motions to compel as moot, based on evidence that Defendants had provided all of the discovery that Plaintiff had requested. (ECF No. 76.)

## B. **Discussion**

Plaintiff argues that the court failed to consider his objections filed on November 9, 2017, in ruling on the second motion to compel. The court construes these objections as a reply to Defendants' opposition to the second motion to compel. Plaintiff also argues that his reply was timely filed under the Mailbox Rule. The court agrees.

Local Rule 230(*l*) provides as follows:

> (*l*) **Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding

> party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. **The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition.** All such motions will be deemed submitted when the time to reply has expired.

L.R. 230(*l*) (emphasis added).

Here, Plaintiff filed his second motion to compel on October 10, 2017. (ECF No. 74.) On October 31, 2017, Defendants filed an opposition to the motion. (ECF No. 75.) Under Local Rule 230(*l*), Plaintiff had 7 days after October 31, 2017, in which to file a reply to Defendants' opposition, or until November 7, 2017. L.R. 230(*l*). Plaintiff's reply was filed in CM/ECF on November 9, 2017, after the November 7, 2107 deadline. However, under the Mailbox Rule, his reply filed on November 9, 2017, was timely.

Under the Mailbox Rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a *pro se* prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Here, Plaintiff's reply was filed and entered on the court's CM/ECF System on November 9, 2017.[1] A review of Plaintiff's reply shows that Plaintiff's signature and proof of service are both dated November 6, 2017. The court accepts this as evidence that Plaintiff delivered the reply to prison authorities on or before November 7, 2017, for forwarding to the court clerk. Therefore, under the Mailbox Rule, Plaintiff's reply was submitted timely. Rule 230(*l*). Based on these facts, the court shall now consider Plaintiff's arguments in his November 9, 2017, reply.

### C. **Plaintiff's Reply**

In his reply, Plaintiff argues that the DVD provided to Plaintiff by Defendants has been altered. Plaintiff submits the DVD for the court's review. Plaintiff asserts that Defendants claimed in their response to Plaintiff's request for production that the DVD includes two video camera views of the hallway, but Plaintiff's copy of the DVD only includes one complete camera view of the hallway. Plaintiff also asserts that prison officials claimed in a

---

[1] CM/ECF is the court's case management system by which documents submitted to the court are electronically filed.

memorandum that "[a]fter discussing the matter with your Program Director (Frances Hicks), our office was informed upon review of the incident, you were observed on video to have come off the wall at staff before being taken down and places into seclusion," but Plaintiff's copy of the DVD does not show anything remotely like this. (ECF No. 77 at 22:28-3:5.)

Plaintiff also argues that Defendants provided three proofs of service, none which is accurate. Plaintiff requests the court to inform him which proof of service he should rely on.

**Discussion**

Plaintiff's concern about the authenticity of the video and the accuracy of Defendants' proofs of service are not issues to be resolved by the court at this stage of the proceedings. These are evidentiary issues that Plaintiff may raise at trial or in a motion in limine. The court has not viewed the DVD and shall return it to Plaintiff. Plaintiff is advised that the court is not a repository for evidence, and he should not submit evidence to the court until the course of litigation brings the evidence into question, such as when a motion for summary judgment is filed or when the court requests submission of evidence for trial.

**V. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 21, 2017, is DENIED;
2. The Clerk is directed to return to Plaintiff the DVD he submitted to the court on November 9, 2017; and
3. No further objections or motions for reconsideration concerning Plaintiff's motions to compel or other discovery issues shall be considered by the Court.

IT IS SO ORDERED.

Dated: **January 8, 2018**　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE