UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>        Plaintiff,<br><br>vs.<br><br>FRANCES HICKS, et al.,<br><br>        Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**THIRTY-DAY DEADLINE** |

**I.    RELEVANT PROCEDURAL HISTORY**

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

On June 8, 2017, the court issued an order re-opening discovery until July 14, 2017, for Plaintiff to file a motion to compel, and extended the dispositive motions deadline to September 31, 2017. (ECF No. 70.) On July 10, 2017, Plaintiff filed a timely motion to compel, which was resolved on November 8, 2017, and the deadline for filing dispositive

motions has expired. At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II. SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[2]

IT IS SO ORDERED.

Dated: **January 8, 2018**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.