| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| RICK HAZELTINE,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCES HICKS, et al.,<br><br>    Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br>(ECF No. 96.) |

**I. RELEVANT PROCEDURAL HISTORY**

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

This case is scheduled for trial on July 10, 2018, at 8:30 a.m. before the Honorable Dale A. Drozd. A telephonic trial confirmation hearing is scheduled for May 14, 2018, at 1:30 p.m. before the Honorable Dale A. Drozd.

1

On March 29, 2018, Plaintiff filed a Motion for Attendance of Incarcerated Witnesses at trial. (ECF No. 96.) On March 30, 2018, Defendants filed an opposition to the motion. (ECF No. 97.) On April 9, 2018, Plaintiff filed a reply to the opposition. (ECF No. 98.)

Plaintiff's Motion for Attendance of Incarcerated Witnesses is now before the court. Local Rule 230(*l*).

## II. ATTENDANCE OF INMATE WITNESSES AT TRIAL

On March 8, 2018, the court issued an amended Second Scheduling Order advising Plaintiff of the requirements for bringing inmate witnesses to trial who voluntarily agree to testify. (ECF No. 91 at 3-4 ¶1.) Plaintiff was informed that the court must issue an order before Plaintiff's incarcerated witnesses can come to court to testify. (Id.) The court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend, and (b) the prospective witness has actual knowledge of relevant facts. (Id.) Plaintiff was advised that he must file a Motion for Attendance of Incarcerated Witnesses, stating the name, address, and prison identification number of each such Witness, accompanied by declarations by Plaintiff or the Witnesses, showing that each Witness is willing to testify and has actual knowledge of relevant facts. (Id.) Plaintiff was advised that the declaration must show that the prospective Witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective Witness happened to be in a position to see or hear what occurred at the time it occurred. (Id.)

## III. PLAINTIFF'S MOTION

Plaintiff seeks to bring four incarcerated witnesses to trial: (1) Rodney Short; (2) John Edgington; (3) Ramiro G. Madera; and (4) Stephen Arnold. Plaintiff has provided the names and identification numbers of the four prospective witnesses. (ECF No. 96 at 1.) However, Plaintiff has not informed the court of the locations of the witnesses or submitted his own declaration, or declarations by the prospective witnesses, showing that each witness is willing to testify, and that each of the prospective witnesses was an eyewitness or ear-witness to relevant facts.

Defendants argue that Plaintiff has not complied with the court's order in that he only lists the names of the potential witnesses without support of declarations from anyone that these witnesses have actual knowledge of relevant facts.

Plaintiff replies that his pleadings should be liberally construed because he is a *pro per* litigant. Plaintiff asserts that in his Pretrial Statement, filed on March 29, 2018, he informed Defendants that his prospective witnesses were eye witnesses and declared under penalty of perjury that the witnesses are willing to testify. Plaintiff states that Defendants already have video evidence and tape recorded statements by his prospective witnesses, and that Defendants failed to use due diligence to seek out the information he was required to provide in his Motion for Attendance of Incarcerated Witnesses.

**IV. DISCUSSION**

Plaintiff has improperly referred Defendants and the court to his Pretrial Statement to find information that Plaintiff was required to provide in his Motion for Attendance of Incarcerated Witnesses. The court is not required to comb through all of Plaintiff's documents to find information that he should have provided in the Motion. Even if the court were inclined to do so, Plaintiff's has not provided the information needed in the Pretrial Statement. Plaintiff claims to have submitted a declaration under penalty of perjury asserting that his prospective witnesses agreed to testify voluntarily. However, no such declaration was filed. Here, Plaintiff has clearly failed to comply with the court's order. Therefore, Plaintiff's Motion for Attendance of Incarcerated Witnesses shall be denied.

**V. CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attendance of Incarcerated Witnesses, filed on March 29, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **April 11, 2018**      **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE