UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FRANCES HICKS, et al.,<br><br>　　　　　　Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, AND ADDRESSING PLAINTIFF'S ALLEGATIONS OF JUDICIAL BIAS<br>(ECF Nos. 93, 95.) |

**I.　　RELEVANT PROCEDURAL HISTORY**

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.)

This case is scheduled for trial on July 10, 2018, at 8:30 a.m. before the Honorable Dale A. Drozd. A telephonic trial confirmation hearing is scheduled for May 14, 2018, at 1:30 p.m. before the Honorable Dale A. Drozd.

On March 12, 2018, and March 29, 2018, Plaintiff filed motions seeking the appointment of counsel. (ECF Nos. 93, 95.)

1

## II. COURT-APPOINTED COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, Plaintiff argues that he is unable to prepare his case for trial because he is being retaliated against at Coalinga State Hospital. Plaintiff asserts that in the past sixty day, he has been subjected to disruptive searches of his bed area, leaving Plaintiff's legal material in disorder. Plaintiff asserts that some of his legal materials have come up missing during the searches. Plaintiff also asserts that he was recently moved to another unit and has been denied access to all of his legal material, which is now in the control of Departmental Police Services. Plaintiff argues that it will take months to reorganize his thousands of pages of documents to even learn what is missing.

Plaintiff also argues that judicial bias by Magistrate Judge Gary S. Austin has prevented him from fully participating in discovery and preparing his case. Plaintiff complains that Magistrate Judge Austin has denied all of Plaintiff's motions since he was assigned to this case, except for a motion for extension of time.

These reasons do not make Plaintiff's case exceptional under the law. As stated above, the district court must evaluate both the "likelihood of success of the merits" [and] the "ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. Here, while the court has found that Plaintiff's "allegations are sufficient to

state a claim against Defendants Young, Gamez, Casper, Oldan, Negrete, Avilia, Smith and Ho under the Fourteenth Amendment," this finding is not a determination that Plaintiff is likely to succeed on the merits, and at this juncture the court does not find a likelihood of success on the merits in this case. (ECF No. 28 at 7:6-9.) Plaintiff's excessive force claims do not appear complex, and based on a review of the record in this case Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motions for appointment of counsel shall be denied, without prejudice.

### III. ATTORNEY'S FEES

Plaintiff requests that if his motion for appointment of counsel is denied, he be granted recovery of attorney's fees from Defendants for all of the legal work he has done on this case. This request must be denied. Under 42 U.S.C. § 1988(b), "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). However, Plaintiff is not entitled to attorney's fees because he representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

### IV. JUDICIAL BIAS

Plaintiff claims that Magistrate Judge Gary S. Austin has exhibited judicial bias against Plaintiff in ruling on Plaintiff's motions. Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). The bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of

themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

Under 28 U.S.C. § 144, the standard of recusal based on judicial bias is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983) ); Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source, since a judge's previous adverse ruling alone is not sufficient for recusal. See id. Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); (citing *inter alia* United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978), cert. denied 440 U.S. 907 (1979). Section 144 provides that "[t]he affidavit shall state the facts and the reasons for the belief that bias and prejudice exists, . . . [and a] party may only file one such affidavit in any case." Sibla, 624 F.2d at 867.

A judge who finds the affidavit legally sufficient must proceed no further under § 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; Sibla, 624 F.2d at 867). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

Here, Plaintiff failed to file an affidavit stating the facts and the reasons he finds judicial bias. Plaintiff only alleges that Judge Austin has "denied every motion and request plaintiff has put before the bench, with the exception of (1) one, which was the only request for an extension of time." (ECF No. 95 at 1:24-28.) While the court must take Plaintiff's factual allegations as

true, Berger v. United States, 255 U.S. 22, 33 (1925), conclusory allegations do not justify disqualification and are not protected from judicial scrutiny, see $292,888.04 in U.S. Currency, 54 F.3d at 566 (affidavit inadequate when based on mere conclusory allegations); United States v. Goeltz, 513 F.2d 193 (10th Cir. 1975), cert. den., 423 U.S. 830, 96 S.Ct. 51, 46 L.Ed.2d 48 (1975); Griffith v. Edwards, 493 F.2d 495 (8th Cir. 1974); Hawaii-Pacific Venture Capital Corp. v. Rothbard, 437 F.Supp. 230 (D.C.Hawaii 1977). Plaintiff states no allegation of fact showing that any of the undersigned's decisions stem from any extrajudicial source.

Plaintiff's disagreement with the court's rulings is not a legitimate ground for alleging bias. These rulings are ordinary applications of the law. Plaintiff's allegations fall well short of establishing any basis for a finding of extrajudicial bias by the Magistrate Judge.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for appointment of counsel, filed on March 12, 2018, and March 29, 2018, are DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 3, 2018**         **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE