UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>        Plaintiff,<br><br>    vs.<br><br>FRANCES HICKS, et al.,<br><br>        Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(ECF No. 100.)<br><br>ORDER FOR PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION WITHIN TWENTY (20) DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on July 6, 2015, on the following claim: Excessive force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Rickey Smith, and Charles Ho (collectively "Defendants"). (ECF No. 27.) This case is scheduled for trial on July 10, 2018, at 8:30 a.m. before the Honorable Dale A. Drozd.

On April 23, 2018, Plaintiff filed a motion for reconsideration of the court's order denying Plaintiff's motion for the attendance of incarcerated witnesses at trial. (ECF No. 100.) On April 24, 2018, Defendants filed an opposition to the motion. (ECF No. 101.) Plaintiff's motion for reconsideration is now before the court. Local Rule 230(*l*).

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A. Plaintiff's Motion for Reconsideration

Plaintiff requests the court to reconsider its April 11, 2018, order denying Plaintiff's motion for the attendance of incarcerated witnesses. Plaintiff acknowledges that the court denied his motion due to his failure to provide information required by the court. Now, in the motion for reconsideration, Plaintiff has provided the required information, including the names, location, and I.D. numbers of the prospective witnesses, and Plaintiff's declaration asserting that the prospective witnesses can testify to relevant information and are willing to

voluntarily testify at trial. Plaintiff seeks to bring four prospective witnesses, Rodney Short #499-4, John Edgington #809-4, Ramiro G. Madera #544-7, and Stephen Arnold #607-2, and he states that all of the witnesses are actual eyewitnesses to the events at issue in the complaint.

Defendants argue that Plaintiff has not cited any legal authority for his request, and that the Federal Rules of Civil Procedure do not provide reconsideration of an order such as the one Plaintiff is seeking. Defendants also argue that Plaintiff was required to file his motion for attendance of incarcerated witnesses pursuant to the requirements in the Amended Scheduling Order, and he failed to do so. Defendants request that if the court is inclined to grant Plaintiff's motion, then discovery be reopened for the limited purpose of deposing the potential witnesses.

**B.** **Discussion**

Defendants' argument that court rules do not provide for reconsideration of the court's order is without merit. As discussed above, Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the Court to relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Also, Rule 54(b) of the Federal Rules of Civil Procedure provides that any order that does not terminate the action is subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). In addition, Rule 230(j) of the Local Rules for the Eastern District of California also governs reconsideration of such interlocutory orders. Rule 230(j) provides, in part:

> **(j) Applications for Reconsideration.** Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought.

Plaintiff states in his motion for reconsideration that he was confused whether to provide information about prospective witnesses in the pretrial statement or the motion for the attendance of incarcerated witnesses. Plaintiff also admits that he simply overlooked the court's requirement that he inform the court of the witnesses' addresses due to them being patients in the same hospital as Plaintiff. Because Plaintiff has now provided facts which were not shown upon his prior motion the court shall reconsider its order denying Plaintiff's motion

3

for the attendance of incarcerated witnesses. However, before deciding which witnesses shall be allowed to testify at trial, the court requires more information from Plaintiff about the specific testimony expected from each prospective witness.

### *Federal Rule of Evidence 403*

Plaintiff requests the attendance of four witnesses who he claims were all eyewitnesses to the excessive force incident at issue in this case. However, similar testimony by multiple witnesses may be needlessly cumulative. Under Rule 403 of the Federal Rules of Evidence, "evidence may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 confers broad discretion on the trial judge." United States v. Hooton, 662 F.2d 628, 636 (9th Cir. 1981) ("The trial judge's ruling on excluding evidence on the ground that it would create undue delay, waste time, or needlessly present cumulative evidence should be reversed only if the decision constitutes an abuse of discretion").

The rule does not prohibit the introduction of cumulative evidence; it merely permits a court to exclude otherwise relevant evidence when it has little incremental value, i.e., where it would be "needless[ly] cumulative." Fed. R. Evid. 403; United States v. Miguel, 87 Fed. Appx. 67, 68 (9th Cir. Jan. 30, 2004) ("Rule 403's cumulative evidence provision does not prohibit the introduction of cumulative evidence; rather, it merely permits courts to exclude cumulative evidence when it has little incremental value").

The probative value of the same or similar testimony of four witnesses who all witnessed the same excessive force incident at the same time may be substantially outweighed by consideration that the testimony would be needlessly cumulative, waste time, and cause undue delay at trial. It does not benefit the factfinder to listen to similar testimony describing the same event four times. Therefore, the court shall require Plaintiff to provide further information about the specific testimony expected by each of the individual prospective witnesses at trial. If the testimony of each witness is expected to be materially the same or very similar, Plaintiff shall inform the court of this fact. The court shall not allow Plaintiff to bring all four witnesses to testify if their testimony would be needlessly cumulative.

4

### III. CONCLUSION

The court shall reconsider its order denying Plaintiff's motion for attendance of incarcerated witnesses. However, the court requires additional information from Plaintiff before determining which of his prospective incarcerated witnesses shall be allowed to testify at trial.

Therefore, based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration, filed on April 20, 2015, is GRANTED;
2. Within twenty (20) days of the date of service of this order, Plaintiff shall notify the court in writing of the specific testimony expected of each of his four prospective incarcerated witnesses. If the testimony is expected to be materially the same or very similar, Plaintiff shall inform the court of this fact;
3. After the court has determined which of Plaintiff's prospective incarcerated witnesses shall be allowed to testify at trial, Defendants are not precluded from filing a motion for the court to reopen discovery for the limited purpose of deposing the potential witnesses; and
4. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **May 22, 2018**        /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE