UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK A. HAZELTINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IAN YOUNG, BENJAMIN GAMEZ, RASHAUN CASPER, JULIUS OLDAN, PORFIRIO SANCHEZ NEGRETE, DAVID AVILIA, CHARLES HO, and RICKEY SMITH,<br><br>　　　　Defendants. | No. 1:14-cv-00056-DAD-GSA<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(Doc. No. 96) |

Plaintiff Rick A. Hazeltine is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to 42 U.S.C. § 1983. This case now proceeds pursuant to plaintiff's First Amended Complaint filed on July 6, 2015, on plaintiff's claim for excessive use of force in violation of the Fourteenth Amendment against defendants Ian Young, Benjamin Gamez, Rashaun Casper, Julius Oldan, Porfirio Sanchez Negrete, David Avilia, Charles Ho, and Rickey Smith. (Doc. No. 27.) This case is scheduled for a settlement conference on July 19, 2018, at 1:00 p.m. before Magistrate Judge Erica P. Grosjean. The case is also scheduled for jury trial on August 7, 2018, at 1:00 p.m. before the undersigned.

/////

/////

1

On May 22, 2018, the assigned magistrate judge granted plaintiff's motion for reconsideration of its prior order denying plaintiff's motion for the attendance of incarcerated witnesses at trial. (Doc. No. 108.) In that order, plaintiff was granted twenty days in which to provide additional information to the court concerning the expected testimony of his prospective witnesses. (*Id.*) On June 6, 2012, plaintiff filed a notice providing additional information. (Doc. No. 112.)

Plaintiff seeks to bring four incarcerated witnesses to testify on his behalf at trial: Rodney Short #499-4, John Edgington #809-4, Ramiro G. Madera #544-7, and Stephen Arnold #607-2, asserting that each was an eyewitness from a different vantage point to the alleged use of excessive force incident at issue in this case. In addition, plaintiff states that each of these individuals will provide unique testimony. In this regard, plaintiff proffers as follows. Rodney Short will testify that he attempted suicide while under the supervision and control of the defendants, and that this attempt was due in part to abuses and oppression by defendants. (*Id.* at 1–2.) John Edgington will testify about a prior incident in which defendant Rick Smith slammed his (Edgington's) head into a hard wood table top with so much force that it shattered his orbital socket in multiple places. (*Id.* at 2.) Ramiro G. Madera will also testify about the antagonistic behaviors of the defendants regarding an incident when they chased him around the day room trying to incite a physical altercation. (*Id.*) Finally, Stephen Arnold will testify that he previously witnessed the defendants "training" in order to better abuse the patients while appearing to do their jobs. Arnold will testify about his years of witnessing repeated abuses of patients by the defendants.

These witness's personal experiences with defendants' abuse, oppression, antagonistic behavior, and excessive force directed at them would be inadmissible at plaintiff's trial. In a civil case, evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a). Even when such evidence is admissible for other purposes, "[c]haracter evidence is of slight probative value and may be very prejudicial[, tending] to distract the trier of fact from the main question of what actually happened on the particular occasion." Fed. R. Evid. 404

Advisory Committee Notes to 1972 Proposed Rules.  Plaintiff also makes no contention that any of these events would be admissible under Rule 404(b)(2) to prove motive, opportunity, intent, and so forth.  Finally, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Absent these inadmissible proffered statements by the proposed witnesses, the only remaining difference between their proffered testimonies is that that they each observed the incident involving plaintiff and the defendants from slightly different vantage points.   Based on these facts, the court finds that testimony from all four inmate witnesses would be cumulative.  Fed. R. Evid. 403.  Accordingly, the court will exercise its discretion and permit no more than two of these inmate four witnesses to appear at trial.  Plaintiff shall notify the court and opposing counsel which two witnesses he wishes to have testify and re-confirm the willingness of the selected witnesses to testify at his trial.  At that time, pursuant to defendants' request, discovery will be re-opened to permit defendants to depose those witnesses.  The court will then issue writs of *habeas corpus ad testificandum* to transport plaintiff and those witnesses to and from trial.

For these reasons,

1. Plaintiff's motion for the attendance of incarcerated witnesses (Doc. No. 96) is granted in part;
2. Plaintiff is permitted to have no more than two of the above-named incarcerated individuals testify as witnesses at trial;
3. Within **twenty-one days** of service of this order, plaintiff is directed to provide notice to the court as to which of these individuals he seeks to have testify;
4. Following receipt of such notice, discovery will be automatically re-opened for the limited purpose of allowing defendants to depose, prior to trial, the two inmates identified by plaintiff as witnesses he intends to call; and

/////

/////

5. The court will issue writs of *habeas corpus ad testificandum* to provide for the transport of plaintiff and those witnesses to and from trial.

IT IS SO ORDERED.

Dated: **June 14, 2018**

_____
UNITED STATES DISTRICT JUDGE