UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK A. HAZELTINE,

Plaintiff,

v.

IAN YOUNG, BENJAMIN GAMEZ, RASHAUN CASPER, JULIUS OLDAN, PORFIRIO SANCHEZ NEGRETE, DAVID AVILIA, CHARLES HO, and RICKEY SMITH,

Defendants.

No. 1:14-cv-00056-DAD-GSA

ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

(Doc. No. 174)

Plaintiff Rick Hazeltine is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeded to jury trial on plaintiff's claim for excessive use of force in violation of the Due Process Clause of the Fourteenth Amendment. The trial commenced on August 7, 2018. On August 10, 2018, the jury returned a unanimous verdict in favor of defendants and judgment was entered. On August 16, 2018, plaintiff filed a motion for a new trial pursuant to Federal Rule of Civil Procedure 59. On August 29, 2018, defendants filed their opposition. (Doc. No. 179.)

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action

at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rather than specify the grounds on which a motion for a new trial may be granted, Rule 59 states that courts are bound by historically recognized grounds, which include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molksi v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Shimko v. Guenther*, 505 F.3d 987, 992 (9th Cir. 2007) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") (citations omitted). The district court may correct manifest errors of law or fact, but the burden of showing that harmful error exists falls on the party seeking the new trial. *Malhoit v. S. Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984); *see also* 11 Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 2803 (1995). When a party claims that a verdict is against the clear weight of the evidence, the court should give full respect to the jury's findings and only grant a new trial if it "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). "While the trial court may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." *Roy v. Volkswagen of Am. Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990), *opinion amended on denial of reh'g*, 920 F.2d 618 (9th Cir. 1990); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict."). The authority to grant a new trial under Rule 59 is left almost entirely to the discretion of the trial court. *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980).

Plaintiff takes issue with two pretrial rulings which, in his view, substantially prejudiced his ability to prosecute his case. First, plaintiff objects to rulings by the then-assigned magistrate judge in this case denying plaintiff's motion for a civil subpoena. (Doc. Nos. 48, 50.) Second, plaintiff objects to the assigned magistrate judge's denial of his motion for appointment of

/////

counsel. (Doc. No. 103.) The court construes plaintiff's motion as arguing for a new trial based on manifest errors of law.

With respect to plaintiff's motion for a civil subpoena, the magistrate judge laid out in detail the procedures by which plaintiff could obtain the information he sought. Plaintiff was instructed that he was entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things under Federal Rule of Civil Procedure 45, but that was required to first request those materials from defendants under Federal Rule of Civil Procedure 34. (Doc. No. 48 at 2–3.) If defendants objected to that request, the next step was for plaintiff to file a motion to compel. (*Id.*) Finally, if the court ruled that the items sought were discoverable but were not in the care, custody, or control of defendants, plaintiff would then be entitled to the issuance of a subpoena. (*Id.*) Because plaintiff had failed to follow these procedures, the magistrate judge denied plaintiff's motion. (*Id.* at 3.)

Rather than comply with these procedures as directed, plaintiff filed a motion for reconsideration of this order. (Doc. No. 49.) In it, plaintiff listed several items that he had unsuccessfully sought from defendants in discovery, and then asked the court to liberally construe his filing as a motion to compel. (*Id.* at 2–3.) The magistrate judge denied this request as well, finding that plaintiff had still not complied with the procedures laid out in the prior order and declining to construe plaintiff's motion as a motion to compel. (Doc. No. 50 at 4.) In doing so, the magistrate judge noted that "While it is true that pro se litigant pleadings are to be construed liberally, there is no question that Plaintiff's pleading was a request for [a subpoena duces tecum]. Construing it as a motion to compel would not be a liberal construction but a complete mischaracterization of the pleading and would in effect be an act of litigating on behalf of Plaintiff by the Court." (*Id.*)

As stated above, on a motion for a new trial, the burden of showing harmful error rests on the party seeking the new trial. *See Malhiot*, 735 F.2d at 1133; *Curtis v. City of Oakland*, No. 10-CV-00358-SI, 2016 WL 1138457, at *4 (N.D. Cal. Mar. 23, 2016); *Boston Sci. Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1110 (N.D. Cal. 2008). However, plaintiff in his motion identifies no legal basis on which to question the magistrate judge's rulings. To the contrary, in

numerous cases courts first require parties to seek discoverable materials from a party through a motion to compel before resorting to the use of civil subpoenas. *See, e.g.*, *Kitchens v. Tordsen*, No. 1:12-cv-00105-AWI-MJS, 2015 WL 1011711, at *2 (E.D. Cal. Mar. 5, 2015); *Harris v. Kim*, No. 1:05-cv-00003-AWI-SKO, 2013 WL 636729, at *2 (E.D. Cal. Feb. 20, 2013); *Tafilele v. Harrington*, No. 1:10-cv-01493-LJO-GBC, 2012 WL 1833522, at *1 (E.D. Cal. May 18, 2012). Plaintiff has provided no persuasive authority for the proposition that the magistrate judge's order was in any way erroneous.

Plaintiff also moves for a new trial because he was denied the appointment of counsel. (Doc. No. 174 at 3.) The assigned magistrate judge denied plaintiff's motions for the appointment of counsel, explaining that plaintiff did not have a right to appointed counsel in this civil action. (Doc. No. 103.) It is well established in this Circuit that "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, in "exceptional circumstances," a district court is permitted to appoint counsel for indigent litigants pursuant to 28 U.S.C. § 1915(d). *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). In determining whether exceptional circumstances exist, district courts are instructed to evaluate both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and brackets omitted) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The court finds that no error of law was committed in the denial of plaintiff's motion for the appointment of counsel. The magistrate judge applied the correct legal standard from *Rand,* concluding that plaintiff did not appear likely to succeed on the merits of his claim, that the legal issues were not particularly complex, and that plaintiff was able to adequately articulate his claims. (Doc. No. 103 at 3.) Having now observed plaintiff's conduct at trial, the undersigned agrees that plaintiff was a very effective advocate on his own behalf, and was clearly able to fully articulate his case to the jury. Plaintiff has accordingly failed to demonstrate that any manifest error of law was committed in this case.

For all the reasons stated above, plaintiff's motion for a new trial (Doc. No. 174) is denied.

IT IS SO ORDERED.

Dated: __**September 7, 2018**__     _____
UNITED STATES DISTRICT JUDGE