UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>    Plaintiff,<br><br>v.<br><br>IAN YOUNG, et al.,<br><br>    Defendants. | 1:14-cv-00056-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COPY OF TRANSCRIPTS AT GOVERNMENT EXPENSE**<br>**(ECF NO. 178.)** |

**I.    RELEVANT PROCEDURAL HISTORY**

Rick Hazeltine ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. District Judge Dale A. Drozd presided over a jury trial in this case. On August 10, 2018, the jury returned a unanimous verdict in favor of the defendants.

On August 22, 2018, Plaintiff filed a request for a copy of transcripts at government expense. (ECF No. 178.)

**II.    MOTION FOR TRANSCRIPT**

    **A.    <u>Legal Standard</u>**

To obtain a transcript at government expense, Plaintiff must satisfy the criteria of 28 U.S.C. § 753(f). Section 753(f) provides, in part, that the United States shall pay the fees for

1

transcripts furnished in civil proceedings to persons permitted to appeal *in forma pauperis* (IFP) if the trial judge or a circuit judge certifies that the appeal is not frivolous (i.e., it presents a substantial question). § 753(f). This requirement is applicable to *pro se* litigants. See Morris v. Long, No. 1:08–cv–01422–AWI–MJS, 2012 WL 5208503, at *1 (E.D. Cal. Oct. 22, 2012) (finding that the *pro se* litigant proceeding *in forma pauperis* was required to "identify the issues he intends to raise on appeal and explain why those issues are meritorious in order to meet the . . . standard [for production of trial transcripts at government expense]."); Woods v. Carey, No. CIV S–04–1225 LKK GGH P, 2009 WL 2905788, at *1 (E.D. Cal. Sept. 4, 2009) (same).

### B. Plaintiff's Motion

Plaintiff requests a copy of the transcript of the trial in this case at government expense. Plaintiff states that he filed his notice of appeal on August 15, 2018, and that perjury will be one of the grounds he will be raising.

Plaintiff has already received approval to proceed *in forma pauperis* (ECF No. 8), and there is no indication in the record that his financial situation has changed. However, Plaintiff has not alleged that his appeal presents a substantial issue. The request merely states that "[p]erjury will be one of the grounds he will be raising." (ECF No. 178 at 1:19-20.) There is no mention of the other issues on appeal, let alone an argument that the issues on appeal are substantial. Therefore, Plaintiff's motion shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for a transcript of his trial, filed on August 22, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **October 18, 2018**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE